E-FILED
Wednesday, 20 July, 2022  12:22:39 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LAURENCE LOVEJOY, )<br>  )<br>          **Plaintiff,** )<br>**v.** )<br>  )<br>**BRITTANY GREENE**, *et al.*, )<br>  )<br>          **Defendants.** ) | **No.: 22-cv-3080-MMM** |

### MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and incarcerated at Western Illinois Correctional Center ("Western"), files a complaint under 42 U.S.C. § 1983 alleging that Defendants retaliated against him in violation of the First Amendment.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### FACTS

Plaintiff alleges that a tactical team executed a shakedown of cells at Western on June 11, 2021. Plaintiff was sitting at the desk in his cell working on a new lawsuit when Defendant Hill Ruhl, a correctional officer, ordered Plaintiff to stop what he was doing and exit his cell. When Plaintiff asked if his legal materials would be safe, Defendant Ruhl assured Plaintiff that his legal

materials would be fine and told him that he would be the officer conducting the shakedown of his cell.

Plaintiff alleges that when he returned to his cell after the shakedown, he discovered that his research materials, affidavits, declarations from witnesses, copies of letters sent to attorneys, memos, letters and requests sent to the warden complaining about the conditions of confinement, and other documents were missing. Plaintiff alleges that Defendant Ruhl confiscated his legal materials in retaliation for filing previous lawsuits. Plaintiff states that he planned to file his lawsuit on June 14, 2021, but due to the disappearance of his legal materials, he was unable to file it. Despite his requests, Plaintiff claims that the legal materials have not been returned.

Plaintiff also alleges that Defendant Rob Jeffreys, the Director of the Illinois Department of Corrections ("IDOC"), failed to remedy the alleged constitutional violations described in the grievances he submitted. Plaintiff claims that Defendant Jeffreys "turned a blind eye to it, failed to remedy it, or in some way personally participated." (Doc. 1 at 5).

Plaintiff states that he had nine conversations with Defendant Brittany Greene, the Warden of Western, about being subjected to unconstitutional conditions of confinement. He claims that she was deliberately indifferent by refusing to resolve his complaints and protect him from dangerous situations. Plaintiff alleges further that Defendant Greene retaliated against him for exercising his First Amendment right to file administrative grievances and that she conspired with Defendants Jeffreys and Ruhl to harm him.

## ANALYSIS

Prisoners have a protected First Amendment right to file lawsuits and grievances. *Dobbey v. IDOC*, 574 F.3d 443, 446 (7th Cir. 2009). A prisoner may not be disciplined for filing a grievance or lawsuit as "[a]n act taken in retaliation for the exercise of a constitutionally protected

2

right violates the Constitution." *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). To establish First Amendment retaliation, Plaintiff must successfully allege that (1) his speech was constitutionally protected; (2) he has suffered a deprivation likely to deter free speech; and (3) his speech was at least a motivating factor in the Defendant's action. *See Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006). Here, Plaintiff alleges that Defendant Ruhl retaliated against him for filing prior lawsuits by confiscating his legal materials during the shakedown. As a result, Plaintiff claims he was unable to file the lawsuit he was working on. At this juncture, the Court finds that Plaintiff has stated a plausible First Amendment retaliation claim against Defendant Ruhl.

### *Defendants Jeffreys and Greene*

Plaintiff claims that Defendant Jeffreys was aware of his complaints based on the grievances he filed, but he failed to remedy the alleged constitutional violations. He also alleges that Defendant Jeffreys "turned a blind eye to it, failed to remedy it, or in some way personally participated." (Doc. 1 at 5). These conclusory statements do not establish that Defendant Jeffreys was personally involved in any constitutional deprivation, and therefore, he is not liable in his individual capacity. *See Pepper v. Vill. of Oak Park,* 430 F.3d 805, 810 (7th Cir. 2005) (citations omitted) ("[T]o be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation.").

Plaintiff alleges in a conclusory fashion that Defendant Greene retaliated against him for filing grievances, refused to resolve his complaints, and failed to protect him from dangerous situations. (Doc. 1 at 6). A warden cannot be held liable based solely on her involvement in the grievance process. *See Thomas v. Knight*, 196 Fed. Appx. 424, 429 (7th Cir. 2006) (explaining that a warden does not incur § 1983 liability just by participating in the grievance process). "If there is 'no personal involvement by the warden outside the grievance process,' that is insufficient to state

a claim against the warden." *Neely v. Randle*, No. 12 C 2231, 2013 WL 3321451, at *3 (N.D. Ill. June 13, 2013) (quoting *Gevas v. Mitchell*, 492 Fed. Appx. 654, 660 (7th Cir. 2012).

Plaintiff also alleges that he had multiple conversations with Defendant Greene, but he provides no additional information about the conversations. *See Diaz v. McBride*, No. 3:93-CV-176RM, 1994 WL 750707, at *4 (N.D. Ind. Nov. 30, 1994) (holding that a plaintiff could not establish personal involvement, and subject a prison official to liability under § 1983, merely by sending the official various letters complaining about the actions or conduct of subordinates). Plaintiff's allegations are insufficient to demonstrate that Defendant Greene was personally involved in the alleged confiscation of his legal materials.

Additionally, Defendants Jeffreys and Greene are not liable merely because of their supervisory positions, as the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under § 1983. *See Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). The Court finds that Plaintiff has failed to state a claim against Defendants Jeffreys and Greene in their individual capacities. Defendants Jeffreys and Greene are DISMISSED, without prejudice, for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will be given leave to amend his complaint within 30 days.

Finally, although Plaintiff states that he is suing Defendants in their official capacities, he makes no mention of any policy, practice, of custom in his complaint. *See Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 690-91 (1978); *see also Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80 (1986). As a result, the Court finds that Plaintiff fails to state a claim against Defendants in their official capacities.

**IT IS THEREFORE ORDERED:**

1)        This case shall proceed on the First Amendment retaliation claim against Defendant Ruhl. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2)        Defendants Jeffreys and Greene are DISMISSED, without prejudice, for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff is given leave to file an amended complaint within 30 days. Plaintiff's amended complaint will replace his complaint in its entirety and must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

3)        Plaintiff filed a [5] Motion to Request Counsel.  Before appointing counsel, a court must determine if the plaintiff made a reasonable attempt to secure counsel on his own, or conversely, if he has been precluded from doing so. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007); *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). This typically requires submitting letters from several attorneys declining assistance. *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). Plaintiff states that he wrote to three different law firms and did not receive a response. He did not attach copies of his letters to his motion. The Court finds that Plaintiff has not demonstrated a reasonable attempt to secure his own lawyer. [5] is DENIED with leave to renew. If Plaintiff renews his motion for appointment of counsel, he is directed to provide copies of the letters he has sent to, and received from, prospective counsel.

4)        Plaintiff filed a [6] Motion for Default Judgment claiming that default judgment should be entered against Defendants because they failed to respond to his complaint. Plaintiff filed his motion before the Court conducted its merit review and Defendants have not been served yet. Therefore, Plaintiff's motion is premature. [6] is DENIED.

5)      This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

6)      The Court will attempt service on Defendant by mailing a waiver of service. If Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

7)      Defendant shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's position. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered. If Defendant has not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

8)      If Defendant no longer works at the address Plaintiff provided, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information shall be used only for

effectuating service. Documentation of Defendant's forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

9)     This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

10)     Counsel for Defendant is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendant shall arrange the time for the deposition.

11)     Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

12)     The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.


ENTERED:  July 20, 2022

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge
